IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN FISHBEIN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION LAW |
| PENNSYLVANIA TURNPIKE COMMISSION, | : No.: _____ |
| Defendant. | : |

## NOTICE OF REMOVAL OF DEFENDANT PENNSYLVANIA TURNPIKE COMMISSION

Defendant Pennsylvania Turnpike Commission ("PTC"), expressly reserving all rights otherwise to respond to this lawsuit, hereby removes the above-captioned case, which was filed in the Pennsylvania Court of Common Pleas, Dauphin County, Case No.: 2021-CV-6221-CV, to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

### PROCEEDING IN STATE COURT AND TIMELINESS OF REMOVAL

1. Plaintiff Justin Fishbein ("Plaintiff") commenced this action by filing a Writ of Summons in the Pennsylvania Court of Common Pleas, Dauphin County, on

July 22, 2021.  A true and correct copy of the Writ of Summons is attached hereto as Exhibit A.

2. On September 5, 2023, a Writ of Summons was reissued and served upon PTC.  A true and correct copy of the Writ of Summons is attached hereto as Exhibit B.

3. Neither writ of summons contains allegations of damages, nor do they provide a basis for determining the amount in controversy, and therefore, do not constitute notice of grounds for removal.  *See* Ex. A and B.

4. On October 18, 2023, Plaintiff filed a Complaint in the Pennsylvania Court of Common Pleas, Dauphin County.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit C.

5. This Notice of Removal is timely filed within the time for removal set forth in 28 U.S.C. §1446(b)(3), as it is being filed within 30 days after receipt by PTC of Plaintiff's Complaint in which it could first be ascertained that the case is one which is or has become removable.

## JURISDICTION

6. This matter is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action

between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### Diversity of Citizenship

7. As alleged in the Complaint, Plaintiff resides at 17825 Shortley Bridge Place, Olney, MD 10832, and is, upon information and belief, a citizen of Maryland. *See* Ex. C at ¶ 1.

8. PTC is an instrumentality of the Commonwealth of Pennsylvania and has its principal place of business in Middletown, Pennsylvania. *See* Ex. C at ¶ 2. Therefore, PTC is a citizen of Pennsylvania.

9. Pursuant to 28 U.S.C. § 1332(a), complete diversity of citizenship exists, and at all relevant times has existed, between Plaintiff, a citizen of Maryland, and PTC, a citizen of Pennsylvania.

### Amount in Controversy

10. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11. In his Complaint, Plaintiff does not specify the amount of damages he seeks, but rather demands open-ended compensatory damages, punitive damages, liquidated damages, compensation for emotional pain and suffering, reasonable attorneys' fees, recoverable costs, and pre and post-judgment interest. *See* Ex. C.

12. Where, as here, a complaint does not state the amount in controversy, removal is proper if the Court finds by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Sharawi v. WWR Premier Holdings, LLC*, No. CV 19-5133, 2020 WL 93942, at *3 (E.D. Pa. Jan. 7, 2020) (quoting 28 U.S.C. § 1446(c)(2)).

13. The amount in controversy may be determined by totaling the economic damages, emotional distress, and attorneys' fees awarded under fee shifting statutes. *See Strauss v. Ghuman Truck Serv., Inc.*, No. CV 15-0900, 2015 WL 1822576, at *3 (E.D. Pa. Apr. 22, 2015) (considering plaintiff's plead damages request for "present and future wage loss" and damages attributable to pain and suffering in determining that $75,000 amount in controversy had been met); *Dimartino v. USAA Cas. Ins. Co.*, No. CV 13-193, 2013 WL 12155340, at *3 (E.D. Pa. May 20, 2013) (noting that attorneys' fees may be considered in calculating amount in controversy).

14. Here – as an initial starting point – the writ of summons filed by Plaintiff lists the amount in controversy in this action as above the $50,000 arbitration limit. *See* Ex. B.

15. Next, Plaintiff claims that PTC terminated his employment on or about August 18, 2016, and that he has "struggled to find comparable employment for ***several years***." *See* Ex. C at ¶¶ 38-40 (emphasis added).

16. Further, Plaintiff alleges that "[h]is termination significantly exacerbated his mental health." *See* Ex. C at ¶ 40.

17. Taken together, a fair reading of Plaintiff's claims, along with the types of damages he seeks – including compensatory damages of being unemployed and/or underemployed *for over seven years* – establishes by a preponderance of the evidence that Plaintiff is seeking damages in excess of $75,000.00. *See, e.g., Balogun v. Alden Park Mgmt. Corporation/Eastview Realty Assocs., L.P.*, 1998 U.S. Dist. LEXIS 15499, *7-8 (E.D. Pa. Sept. 30, 1998) (finding "that Plaintiff's open ended request for damages under the PHRA could reasonably read as an amount in controversy exceeding $75,000.")

18. Indeed, when Plaintiff's lost wage claim[1] is considered in addition to his claims for emotional distress and attorneys' fees, the amount in controversy is well above $75,000. Accordingly, the amount in controversy meets the requirements of 28 U.S.C. § 1332.

19. As the amount in controversy in this case is in excess of $75,000, and as Plaintiff and PTC are citizens of different States, this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §1332.

---

[1] Plaintiff's annual salary at the time of his termination of employment in August 2016 was $48,235. This information is publicly available on the PennWATCH website (www.pennwatch.pa.gov, last accessed on October 27, 2023), which publishes the salaries of Commonwealth employees. As such, simple math dictates that Plaintiff's lost wages over the course of "several years" would be above the $75,000 jurisdictional threshold.

## Procedural Prerequisites

20. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Middle District of Pennsylvania is the appropriate court to which to remove this action from the Pennsylvania Court of Common Pleas, Dauphin County, where the action was filed.

21. As required by 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Prothonotary of the Court of Common Pleas of Dauphin County, Pennsylvania. A true and correct copy of the Notice is attached as Exhibit D.

22. A true and correct copy of the Dauphin County Court of Common Pleas docket and all process, pleadings, and orders served upon defendant in this action are attached as Exhibit E.

WHEREFORE, defendant, Pennsylvania Turnpike Commission, effects removal of this case from the Court of Common Pleas of Dauphin County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.

DATED:  November 2, 2023                     Respectfully submitted,

                                              */s/ Kelly H. Decker*
                                              Kelly H. Decker (PA. I.D. No. 84886)
                                              700 South Eisenhower Blvd.
                                              Middletown, PA 17057
                                              (717) 831-7472
                                              *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 2nd day of November 2023, she caused a true and correct copy of the foregoing notice of removal to be served on the following individual by electronic and United States mail, with postage prepaid, and address as follows:

> Faye Riva Cohen, Esq.
> Law Office of Faye Riva Cohen, P.C.
> 2047 Locust Street
> Philadelphia, PA 19103

> */s/ Kelly H. Decker*
> Kelly H. Decker (PA. I.D. No. 84886)