IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN FISHBEIN, | : | Civ. No. 1:23-CV-1820 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Bloom) |
| | : | |
| PENNSYLVANIA TURNPIKE | : | |
| COMMISSION, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I. Introduction

This is a civil action brought by Justin Fishbein against the
Pennsylvania Turnpike Commission ("PTC"). Fishbein alleges that while
he was employed as a PTC radio operator, his supervisors discriminated
against him based on his disability and retaliated against him for filing
complaints in violation of the Pennsylvania Human Relations Act
("PHRA"). The PTC has filed a motion to dismiss on the grounds that
Fishbein's claims are untimely. (Doc. 5). The PTC's motion is fully
briefed and is ripe for resolution. (Docs. 6, 7, 9). After consideration, we
will grant the PTC's motion and dismiss Fishbein's claims with prejudice.

## II.   Background

The PTC allegedly hired Fishbein as a radio operator on April 24, 2009.  (Doc. 6-3 at 14).   Fishbein alleges that he had "qualified disabilities," which he took medication for, and that both the disabilities and the medication made him nauseous and drowsy. (*Id.*).  According to Fishbein, the PTC disciplined him several times for sleeping during his shifts, even though other employees slept during their shifts without consequence. (*Id.*).  In October of 2015 and May of 2016, Fishbein filed complaints with the Pennsylvania Human Relations Commission ("PHRC") alleging, respectively, that the PTC was discriminating against him based on his disability and was retaliating against him for filing complaints. (*Id.* at 15, 17).  Ultimately, in August of 2016, Fishbein was terminated from the PTC for allegedly harassing his supervisor. (*Id.* at 19).

On July 22, 2019, the PHRC denied Fishbein's grievances and informed Fishbein that he had the right to file suit in the Court of Common Pleas within two years. (Doc. 6-3 at 13, 26).[1] On July 22, 2021—

---

[1] We take judicial notice of the docket sheet from the Dauphin County Court of Common Pleas bearing case number 2021-CV-06221-CV. *M&M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010); *S. Cross*

the last day of the limitations period—Fishbein filed a *praecipe* for a writ of summons in the Dauphin County Court of Common Pleas. (*Id.* at 6). More than two years later, on August 14, 2023, the Court of Common Pleas issued a notice of proposed termination, which stated that "the court intend[ed] to terminate th[e] case without further notice because the docket show[ed] no activity in the case for at least two years." (*Id.* at 6).[2] On September 5, 2023, Fishbein filed a notice of intent to proceed and a *praecipe* to reissue the summons. (*Id.*). The Court of Common Pleas reissued the writ, which Fishbein served on September 21, 2023. (*Id.*). The PTC appeared on September 27, 2023, and Fishbein filed the complaint on October 18, 2023. (*Id.*).

On November 2, 2023, the PTC removed the case to federal court, invoking diversity jurisdiction. (Doc. 1). On November 6, 2023, the PTC moved to dismiss the complaint on the grounds that Fishbein's claims were barred by the statute of limitations.[3] (Doc. 5). That motion is fully

---

*Overseas Agencies Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

[2] The full order, including the quoted text, can be found at https://publicaccess.dauphincounty.gov/civil.casesearch.

[3] The PTC also moves to preclude Fishbein's claim for punitive damages on the grounds that punitive damages are not available under the PHRA.

briefed and is ripe for resolution.  After consideration, we will grant the PTC's motion.

## III.  Discussion

### A. Motion to Dismiss - Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,

---

(Doc. 6 at 3).  In his opposition, Fishbein concedes that he cannot obtain punitive damages.  (Doc. 7 at 8).

1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public

record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. The PTC's Motion to Dismiss Will be Granted.

The PTC argues that Fishbein did not comply with the statute of limitations applicable to PHRA claims. (Doc. 6 at 3). Before suing under the PHRA, a plaintiff must exhaust his administrative remedies by filing a complaint with the PHRC. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). If the PHRC denies the plaintiff's claim, the plaintiff may file suit within two years from the date his case is closed. *Burgh v.*

6

*Borough Council of Borough of Montrose*, 251 F.3d 465, 475 (3d Cir. 2001).

Under the Pennsylvania Rules of Civil Procedure, a plaintiff may initiate an action by filing a *praecipe* for a writ of summons.  Pa. R. Civ. P. 1007.  If the defendant is in the Commonwealth, the plaintiff must serve the defendant with the writ within 30 days after initiating the case. Pa. R. Civ. P. 401(a).  If the plaintiff fails to serve process within that time, he may file a *praecipe* to reissue the writ.  Pa. R. Civ. P. 401(b)(1). There is no limit to the number of times a plaintiff may seek reissuance. *See id.*  If the plaintiff files the writ before the statute of limitations expires, the original writ, and any subsequent reissuances, tolls the statute of limitations.  *Gussom v. Teagle*, 247 A.3d 1046, 1048 (2021).

However, to prevent plaintiffs from delaying litigation by continually seeking reissuances, the Pennsylvania Supreme Court has held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, 366 A.2d 882, 889 (1976).  The Court later clarified that "*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of

commencement of the action." *Farinacci v. Beaver Cnty. Indus. Dev. Auth.*, 511 A.2d 757, 759 (1986). The plaintiff has the burden of demonstrating that a good faith effort was made. *Id.* Courts have held that a plaintiff does not make a good faith effort to effectuate notice when, without explanation, he takes no action for multiple months. *See e.g.*, *Gussom*, 247 A.3d at 1057-58 (no good faith where the plaintiff attempted to serve the defendant within 30 days but then took no action for three months); *Morrison v. Harvey*, No. 21-CV-2616, 2021 WL 4284517, at *7 (E.D. Pa. Sept. 21, 2021) (no good faith where the plaintiff waited over five months to serve the defendant and took no further action until prompted by the court several months later).

Here, the PTC argues that, although Fishbein filed the writ of summons on the last day of the limitations period, tolling does not apply because Fishbein did not make a good faith attempt to serve notice within 30 days. (Doc. 6 at 7). For his part, Fishbein argues that it is not clear from the face of the complaint that he failed to comply with the statute of limitations. (Doc. 7 at 5). However, it is clear from the Common Pleas docket, which is judicially noticeable, that Fishbein did not make a good faith attempt—or any attempt for that matter—to serve notice within 30

8

days.  *M&M Stone Co.*, 388 F. App'x at 162; *S. Cross Overseas Agencies Inc.*, 181 F.3d at 426.

The docket shows that Fishbein failed to take any action for more than two years after he filed the *praecipe* for a writ of summons.  (Doc. 6-3 at 6-7).  That two-year delay is far greater than the three-month delay in *Gussom* and the five-month delay in *Morrison*.  *Morrison*, 2021 WL 4284517, at *7; *Gussom*, 247 A.3d at 1057-58.  Furthermore, like the plaintiff in *Morrison*, Fishbein did not take any action until the state court prompted him to do so by filing a notice of proposed termination.  *Morrison*, 2021 WL 4284517, at *7; (Doc. 6-3 at 6).  Because Fishbein took no action for over two years after initiating this case, we conclude that he did not make a good faith effort to serve notice, and therefore, tolling does not apply in this case.

Fishbein also argues that he acted in good faith because, at the time he filed the writ of summons, he was arbitrating his discrimination and retaliation claims with the PTC.  (Doc. 7 at 7).  Thus, Fishbein contends, he delayed serving the writ in the hopes of resolving the case, not to delay the judicial process.  (*Id.*).  However, Fishbein also admits that the arbitration ended on September 27, 2021—almost two years before he

filed a *praecipe* to reinstate the writ of summons. (*Id.*). Because Fishbein does not explain why he waited almost two years to request reissuance and serve the writ, he has not demonstrated good faith.

Finally, Fishbein argues that his delay did not prejudice the PTC because the parties collected evidence relevant to this case during the arbitration proceeding. (Doc. 7 at 7). However, we need not determine whether PTC was prejudiced by the delay, as the Pennsylvania Supreme Court has held that a plaintiff's failure to show that he acted diligently is sufficient to warrant a finding that the limitations period was not tolled. *Gussom*, 247 A.3d at 1057; *see also McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (2005) (holding that filing a writ of summons tolls the statute of limitations unless "plaintiffs have demonstrated an intent to stall the judicial machinery *or* [ ] plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.") (emphasis added).

Thus, because Fishbein has failed to demonstrate that he made a good faith attempt to serve the defendants to warrant tolling of the limitations period, we conclude that his claims against the PTC are untimely. Accordingly, we will grant the PTC's motion to dismiss.

IV.    <u>Conclusion</u>

For the foregoing reasons, the Pennsylvania Turnpike Commission's motion to dismiss (Doc. 5) will be GRANTED.

An appropriate order follows.

Submitted this 25th day of April 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge